1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11

HECTOR ALBERTO MARIN-PALACIOS,                    No. C 05-01127-WHA

12

       Petitioner,

13

  v.                                                **ORDER DENYING
                                                    PETITION FOR WRIT**

14

ALBERTO GONZALES,  Attorney General of            **OF HABEAS CORPUS**
the United States; MICHAEL CHERTOFF,              **AND DENYING ANY STAY**

15

Secretary of the Department of Homeland           **PENDING APPEAL**
Security; DAVID N. STILL, District Director,

16

Bureau of Immigration and Customs
Enforcement,

17

       Respondents.

18

_____/

19
20

**INTRODUCTION**

21

      Petitioner Hector Alberto Marin-Palacios is in the custody of the District Director of the

22

Department of Homeland Security Bureau of Immigration and Customs Enforcement, awaiting

23

removal.  He seeks federal habeas corpus relief under 28 U.S.C. 2241(c)(3) which provides

24

habeas corpus review to persons "in custody in violation of the Constitution or law or treaties of

25

the United States."  Specifically, petitioner contends that the immigration judge's pretermission

26

of his application for a waiver of a ground of inadmissability under former Section 212(c) of the

27

Immigration and Nationality Act, 8 U.S.C. 1182(c) (repealed), is contrary to federal law.  For

28

the reasons below, this order agrees with the decision of the immigration judge in deciding that

petitioner is ineligible for Section 212(c) relief, and, accordingly, DENIES the habeas petition.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

## STATEMENT

Petitioner is an adult citizen of Mexico, admitted to the United States as a lawful permanent resident on June 11, 1993.  He was convicted on March 20, 1997, in California Superior Court for the County of Sonoma, for unlawful sexual intercourse with a person under the age of 18 in violation of California Penal Code 261.5(d).  He engaged in the conduct underlying the conviction in October 1995.  Petitioner entered a plea of no contest to the aggravated felony of statutory rape on February 20, 1997.[1]

On July 1, 2003, the Department of Homeland Security placed petitioner in removal proceedings, charging him in a notice to appear with removability from the United States as an alien who has been convicted of one or more crimes of moral turpitude, in violation of 8 U.S.C. 1182(a)(2)(A)(i)(I).  Following a hearing, an immigration judge pretermitted his application for relief from removal and issued an order on July 8, 2004.  Petitioner appealed to the Bureau of Immigration Appeals.  It affirmed, without opinion, the immigration judge's decision.  Next, petitioner filed for review of the BIA's decision with the Ninth Circuit, which issued an order to show cause as to why the appeal should not be dismissed under 8 U.S.C. 1252(a)(2)(c) since he had been convicted of an aggravated felony.  In response, petitioner voluntarily dismissed his appeal and filed the instant petition for writ of habeas corpus.[2]

Petitioner's single argument is that he is eligible for relief under former Section 212(c) because, although the statute is now repealed, such relief was available to him at the time he committed the crime in question.

## ANALYSIS

This Court has jurisdiction to decide the legal issue raised by the instant habeas petition as to petitioner's eligibility for Section 212(c) relief.  *Immigration and Naturalization Service v.*

---

[1] Petitioner was also convicted of the following offenses.  He was convicted on June 3, 1992, for a violation of California Penal Code 496, receiving stolen property and he was convicted on March 20, 1997, for annoying or molesting a child under 18 in violation of California Penal Code 647.6.  Because petitioner contests whether these offenses rise to the level of "aggravated felonies."  This order does not (and need not) rely on those convictions.

[2] 8 U.S.C. 1252(a)(2)(c) states in relevant part that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony.

*St. Cyr*, 533 U.S. 289, 370 (2001).  Because this case involves an alien subject to a federal

removal order, rather than a person confined pursuant to a state-court conviction, petitioner

properly brings this petition pursuant to 28 U.S.C. 2241(c)(3).  When the BIA clearly

incorporates the opinion of the immigration judge, as it did in this case, a district court may

treat the immigration judge's statement of reasons as that of the BIA's and may review the

immigration judge's decision.  *See Alaeula v. INS*, 45 F.3d 1379, 1382 (9th Cir. 1995).

Section 212(c) of the Immigration and Nationality Act of 1952, since repealed, gave the

Attorney General broad discretion to waive deportation of resident aliens.[3]  To establish

eligibility for Section 212(c) relief, the alien had to show, as a preliminary matter, that he was a

lawful permanent resident who resided in this country continuously for at least seven years.  If

relief was ultimately granted, the alien would remain a lawful permanent resident and

deportation proceedings would be terminated.

In the Antiterrorism and Effective Death Penalty Act of 1996,[4] however, Congress

identified a broad set of offenses, for which convictions would preclude such relief.  Included

were "aggravated felonies."  § 440.  And in the same year, Congress passed the Illegal

Immigration Reform and Immigration Responsibility Act,[5] which repealed the relief afforded by

Section 212(c), replacing it with a new provision that gave the Attorney General the authority to

cancel removal for a limited class of deportable aliens but not for anyone previously "convicted

of any aggravated felony."  8 U.S.C. 1229b(a)(3).

In *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289 (2001), the

Supreme Court held that Section 212(c) relief remains available for aliens who pled guilty and

who would have been eligible for Section 212(c) relief at the time of their plea.  St. Cyr was a

citizen of Haiti admitted to the United States as a lawful permanent resident in 1986.  In 1996,

---

[3]Section 212(c) provides, "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily . . . and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . ." 8 U.S.C. 1182(c)(repealed 1996).

[4]AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

[5]IIRIRA, Pub. L. 104-209, 100 Stat. 3009 (effective April 1, 1997).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    he pled guilty to a crime that made him deportable.  At the time of his plea, he was eligible for

2    relief under Section 212(c).  Removal proceedings against Mr. Cyr did not begin until April

3    1997, after both AEDPA and IIRIRA had become effective.  The appellate court, affirming the

4    district court's decision, found that Mr. Cyr was ineligible for Section 212(c) relief.  The

5    Supreme Court reversed, holding Section 212(c) relief remains available for aliens whose

6    convictions were obtained through plea agreements and who would have been eligible for

7    Section 212(c) relief *at the time of their plea* under the law then in effect.  *Id.* at 326.

8              Petitioner contends that this rule should be extended to criminals whose conduct

9    occurred before the passage of AEDPA and IIRIRA even if they pled guilty afterward.  The

10   government argues that the Court should look at the time of the plea.  Here, the crime was

11   committed before the repeal of Section 212(c) and the plea was afterward.  This order agrees

12   with the decision of the immigration judge that the government's interpretation of *St. Cyr* is

13   correct.

14             *St. Cyr* relied in part on the analysis in *Landgraf v. USI Film Products*, 511 U.S. 244

15   (1994), in which the Supreme Court addressed the retroactive application of legislation.  The

16   main inquiry under *Landgraf* was whether the application of certain statutes (in this case

17   AEDPA and IIRIRA) would have an impermissible retroactive effect on specific conduct —

18   that is, whether the statute attached new legal consequences to events completed before the

19   enactment of the statute.  *St. Cyr*, 533 U.S. at 320; *Landgraf*, 511 U.S. 244, 269–270 (1994).

20   With regard to entering a guilty plea, *St. Cyr* held it would be unconstitutional to eliminate

21   Section 212(c) relief for aliens who may have been eligible for Section 212(c) relief at the time

22   of pleading guilty and who may have relied on negotiated plea agreements with a reasonable

23   expectation that they would be eligible for such relief.  *St. Cyr*, 533 U.S. at 320–1.

24             In *Armendarix-Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2002), the Ninth

25   Circuit analyzed the eligibility for Section 212(c) relief of an alien who had been convicted

26   after a trial, where the criminal conduct took place when relief was available but where the

27   removal proceedings had begun after Section 212(c) had been repealed.  The Ninth Circuit

28   reasoned that, unlike petitioners who may have relied on being eligible for Section 212(c) relief

in pleading guilty, it would make little sense to argue that aliens relied on being eligible for Section 212(c) at the time of committing a crime — for example, it is absurd to consider that an alien may have decided not to commit a crime if he had known that he could not apply for Section 212(c) relief. *Armendarix-Montoya* makes clear that while reliance does not need to be express, it needs to be at least objectionably reasonable. This authority is on point and controlling.

In the instant case, petitioner entered a plea in February 1997 — after AEDPA was enacted. At the time of his plea, aliens convicted of "aggravated felonies," such as petitioner, were not eligible for Section 212(c) relief. Therefore, petitioner cannot now argue that he relied on being eligible for relief when he pled guilty. While relief would have been available to petitioner in 1995, when he committed the acts underlying the aggravated felony, the time of the conduct does not factor into the Court's calculus. The application of AEDPA and IIRIRA, which in effect denies petitioner of his eligibility to request waiver of removal, to this conduct is not impermissibly retroactive — that is, these statutes do not attach new legal consequences to petitioner's earlier conduct; it would border on the absurd for the petitioner to now argue that he reasonably relied on being eligible for Section 212(c) relief when he committed the conduct underlying his conviction. Therefore, this Court agrees with the immigration judge in that petitioner is not eligible for Section 212(c) relief.

\* \* \*

During the hearing on April 28, 2005 on this matter, it came to the Court's attention that Mr. Marin-Palacios will be deported in two days. Foreseeing the possibility that petitioner will move to stay removal on an expedited basis, the Court addresses the point herewith. Although the Court acknowledges that equities exist in favor of petitioner, the law is clearly against him. To be successful on appeal, petitioner's counsel acknowledged, on the record, that he will need to argue to the Ninth Circuit to change existing law. Therefore, this order denies any stay pending appeal.

1

**CONCLUSION**

2    For the foregoing reasons, this Court **DENIES** petition for writ of habeas corpus and

3  further **DENIES ANY STAY PENDING APPEAL**.  The Clerk shall **CLOSE THE FILE**.

4

5    **IT IS SO ORDERED.**

6

7  Dated:  April 28, 2005.                                    /S/  WILLIAM ALSUP

8                                                           WILLIAM ALSUP
                                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California